UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDGAR NAVA, | ) | 1:08-CV-01793 OWW JMD HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS |
| FERNANDO GONZALES, | ) ) | |
| Respondent. | ) ) | |

Petitioner Edgar Nava ("Petitioner") is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at California Correctional Institution, Tehachapi, pursuant to a judgement of the Kings County Superior Court. (Pet. at 2). Petitioner was convicted by a jury in October 2006, of assault by an inmate serving a life term (Cal. Penal Code § 4500) and possession of a stabbing instrument by an inmate (Cal. Penal Code § 4502(a)). (Answer at 3; Pet. at 2). Petitioner admitted that he has a prior serious felony conviction for murder (Cal. Penal Code § 187(a)). (Answer at 3). Petitioner received a sentence of twenty-seven years to life for the assault and a stayed sentence of twenty-five years to life for the possession of a stabbing instrument. (Id).

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. (Lod. Doc. A). The appellate court issued a reasoned opinion on October 9, 2007, rejecting those claims. (Pet. Ex. B).

Petitioner filed a petition for review with the California Supreme Court, which issued an order denying review on December 12, 2007. (Pet. Ex. A).

Petitioner subsequently submitted a petition for writ of habeas corpus to the California Supreme Court. (Lod. Doc. F). The California Supreme Court denied the petition on August 20, 2008. (Lod. Doc. G).

On November 21, 2008, Petitioner filed the instant federal petition for writ of habeas corpus with this court. On January 22, 2009, Respondent filed a response to the petition. On May 11, 2009, Petitioner filed a reply to Respondent's answer.

## **FACTUAL BACKGROUND**[1]

The parties stipulated to the following facts. Nava was a state prison inmate serving a life term at the California Substance Abuse Treatment Facility in Kings County. At approximately 9:10 a.m. on November 28, 2005, correctional officers Tim Patton and James Kalkis were supervising the yard. Officer Patton noticed inmate Vasquez walking in circles which was unusual for him. Inmate Arnaiz approached Vasquez and it looked like they were talking. Nava approached Vasquez from the back and hit him with a stabbing motion. No weapon could be seen in Nava's hand. Vasquez began fighting with Nava. Arnaiz made stabbing motions toward the front of Vasquez's body. Vasquez knocked Arnaiz to the ground. Nava made stabbing motions to Vasquez's back.

Vasquez was not seen making stabbing motions. None of the three inmates obeyed the officers' commands to hit the ground. The officers then sprayed Nava and Arnaiz in the face with pepper spray. Nava then obeyed the officers' commands, but Arnaiz kept stabbing Vasquez. Arnaiz then threw a dark-colored object into the air; it landed three feet away in the grass. The object was a typical inmate-manufactured weapon of melted plastic. It had a handle on one end and a sharpened edge on the other. A similar weapon was found broken in two pieces 20-25 feet away.

Vasquez had puncture wounds all over his torso and was bleeding. There were about 13 wounds. Nava was not wounded, but had reddened skin from the pepper spray.

(Lod. Doc. D, Opinion of the California Court of Appeal, Fifth Appellate District, at 3).

\\\

\\\

---

[1] These facts are derived from the California Court of Appeal's opinion issued on October 9, 2007. (*See* Pet. Ex. B). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a determination of fact by the state court is presumed to be correct unless Petitioner rebuts that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sanders v. Lamarque*, 357 F.3d 943, 948 (9th Cir. 2004). Here, Petitioner has not presented evidence that would permit the Court to set aside the presumption of correctness that has attached to the State court's factual findings.

# DISCUSSION

## I. Jurisdiction and Venue

A person in custody pursuant to a state court judgment may petition a district court for relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. As Petitioner is currently incarcerated in Tehachapi and Petitioner's custody arose from a conviction in the Kings County Superior Court, the Court has jurisdiction over Petitioner's application for writ of habeas corpus.[2] *See* 28 U.S.C. § 84(b) (listing as part of this Court's judicial district Kings and Kern County); *see also* U.S.C. § 2241(d) (vesting concurrent jurisdiction for an application for writ of habeas corpus to the district court where the petitioner "is in custody or in the district court for the district within which the State court was held which convicted and sentenced him" if the State "contains two or more Federal judicial districts").

## II. ADEPA Standard of Review

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for a writ of habeas corpus filed after the statute's enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by Lindh*, 521 U.S. 320 (holding AEDPA only applicable to cases filed after statute's enactment)). As the instant petition was filed in 2008, AEDPA's provisions governs the Court's adjudication of the petition. *Lockyer v. Andrade*, 538 U.S. 63, 70 (2003).

Since Petitioner's custody stems from a state court judgment, 28 U.S.C. § 2254 remains the exclusive vehicle for Petitioner's habeas petition. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) in holding that, "[s]ection 2254 'is the exclusive vehicle for a habeas petition by a state

---

[2] Tehachapi State Prison is located in the city of Tehachapi, California, which is part of Kern County.

prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction'"). Since Petitioner filed his petition after the effective date of AEDPA, his petition for habeas corpus "may be granted only if he demonstrates that the state court decision denying relief was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. § 2254(d)(1)); *see Lockyer*, 538 U.S. at 70-71.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id*. (quoting *Williams*, 592 U.S. at 412). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id*.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." *Lockyer*, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72. "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the State court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

\\\

Petitioner bears the burden of establishing that the state court's decision is contrary to or involved an unreasonable application of United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). Furthermore, AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. *Souch v. Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002).

The initial step in applying AEDPA's standards requires a federal habeas court to "identify the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005). Where more than one State court has adjudicated Petitioner's claims, the Court analyzes the last reasoned decision. *Id*. (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order). Thus, a federal habeas court looks through ambiguous or unexplained state court decisions to the last reasoned decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law. *Bailey v. Rae*, 339 F.3d 1107, 1112-1113 (9th Cir. 2003).

Here, the California Court of Appeal and the California Supreme Court were the only courts to have adjudicated Petitioner's claim. As the California Supreme Court summarily denied Petitioner's claims, the Court looks through those decisions to the last reasoned decision; namely, that of the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S. at 804.

**III.    Review of Petitioner's Claim**

The instant petition for writ of habeas corpus contains a sole ground for relief–specifically, Petitioner argues that there is a reasonable likelihood that the trial court's issuance of CALCRIM No. 224 led the jury to apply the instruction in an unconstitutional manner.

\\\

\\\

Generally, claims based on instructional error under state law are not cognizable on habeas corpus review. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (citing *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6 (1983)). To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the error so infected the entire trial that the resulting conviction violates due process. *Estelle*, 502 U.S. at 72; *see Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973) in finding that a habeas court must not merely consider whether an "instruction is undesirable, erroneous, or even universally condemned" but must instead determine"'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process'"). An erroneous jury instruction "directed toward an element of the offense may rise to the level of a constitutional defect." *Byrd*, 566 F.3d at 862 (citing *Neder v. United States*, 527 U.S. 1, 9-10 (1999)). "Due process requires that jury instructions in criminal trials give effect to the prosecutor's burden of proving every element of the crime charged beyond a reasonable doubt. [Citation] 'Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation.'" *Townsend v. Knowles*, 562 F.3d 1200, 1209 (9th Cir. 2009) (quoting *Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (per curiam)).

As noted above, federal collateral relief for errors in the jury charge requires that a petitioner demonstrate that the erroneous instruction infected the entire trial such that the resulting conviction violated due process and rendered the trial fundamentally unfair. *See Estelle*, 502 U.S. at 72. "The jury instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record." *Id*. (citation and internal quotation marks omitted). "If the charge as a whole is ambiguous, the question is whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Middleton*, 541 U.S. at 437.

Petitioner is challenging the issuance of CALCRIM No. 224, which states:

> Before you may rely on circumstantial evidence to conclude that a fact necessary to find the defendant guilty has been proved, you must be convinced that the People have proved each fact essential to that conclusion beyond a reasonable doubt.
> Also, before you may rely on circumstantial evidence to find the defendant guilty, you must be convinced that the only reasonable conclusion supported by the circumstantial evidence is that the defendant is guilty. *If you can draw two or more*

> *reasonable conclusions from the circumstantial evidence, and one of those reasonable conclusions points to innocence and another to guilt, you must accept the one that points to innocence.* However, when considering circumstantial evidence, you must accept only reasonable conclusions and reject any that are unreasonable.

(CT at 83) (emphasis added).

Petitioner contends that the use of the phrase, "innocence" in the jury instruction lowered the prosecutor's burden of proof by allowing the jury to convict if the jury found Petitioner not innocent. The State appellate court rejected this argument, noting that:

> While there are semantic differences between "innocence" and "not guilty," there was no error in this case because, when read in conjunction with CALCRIM No. 220 on reasonable doubt, CALCRIM No. 224 did not lower the prosecution's burden of proof. The jury was instructed in CALCRIM No. 220 that: "A defendant in a criminal case is presumed to be innocent. This presumption requires that the People prove each element of a crime beyond a reasonable doubt." Thus, CALCRIM No. 220 creates a dichotomy for the jury: guilt or innocence, with innocence being presumed. Thus, any finding other than guilt is automatically a finding of innocence. With CALCRIM No. 220 in mind, CALCRIM No. 224 is not erroneous because if the jury does not find guilt, it must find innocence. Therefore, CALCRIM No. 224 is not constitutionally defective when viewed as a whole and read in conjunction with the reasonable doubt instruction.

(Pet. Ex. B at 4-5).

The Court's finds the State appellate court's reasoning both persuasive and objectively reasonable. A reasonable reading of CALCRIM No. 224 would not lead a jury to have interpreted those words to mean that the prosecutor bore any other burden of proof than to prove guilt beyond a reasonable doubt. Rather, the phrase innocence was used to instruct that in choosing between two inferences raised by circumstantial evidence–one for guilt and one for innocence–the jury must choose that of innocence. Furthermore, the trial court's issuance of this jury instruction, when considered in the context of the jury charge as a whole, did not shift the burden of proof from the government. The Court notes that trial court prefaced the instructions on the elements of the charge crimes with the following statement, "[t]o prove that the defendant is guilty of this crime, the *People* must prove that..." (CT at 84, 85, 86) (emphasis added). In addition to the issuance of the jury instruction on the presumption of innocence, other instructions referenced that it was the People's burden to prove guilt beyond a reasonable doubt. For example, CALCRIM No. 355, stating in part that, "[a] defendant has an absolute constitutional right not to testify. He or she may rely on the state of the evidence and argue that the People had failed to prove the charge beyond a reasonable doubt,"

makes abundantly clear that Petitioner bears no burden of proof and the standard of proof the prosecutor bears is to prove guilt beyond a reasonable doubt. Thus, the trial court's use of the term "innocence" is not reasonably likely to have led the jury to have interpreted the instructions as permitting a guilty verdict upon a jury finding of not innocent. When viewed in the context of the other instructions, CALCRIM No. 224 did not improperly shift the burden of proof from the prosecution to prove guilt beyond a reasonable doubt.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: March 5, 2010** /s/ John M. Dixon
UNITED STATES MAGISTRATE JUDGE